J-S30014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK CARSON | |
| Appellant | No. 113 EDA 2022 |

Appeal from the PCRA Order November 22, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002469-2017

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK CARSON | |
| Appellant | No. 114 EDA 2022 |

Appeal from the PCRA Order November 22, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002905-2017

BEFORE:  STABILE, J., MCCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 12, 2022**

Appellant Mark Carson *pro se* appeals from the November 22, 2021

orders of the of the Court of Common Pleas of Philadelphia County ("PCRA

_____

[*] Retired Senior Judge assigned to the Superior Court.

court"), which dismissed as untimely his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The facts and procedural history of this case are undisputed. Briefly, on May 23, 2017, Appellant entered into an open guilty plea to third-degree retail theft at docket no. 2905-2017.[1] On June 7, 2017, he entered into an open guilty plea to robbery, graded as a second-degree felony, at docket no. 2468-2017.[2] Consolidating the cases for sentencing, on November 14, 2017, the trial court sentenced Appellant to 4 to 8 years' incarceration for robbery at docket no. 2468-2017. The court also imposed a 3 ½ to 7 years' term of imprisonment for retail theft at docket no. 2905-2017 to run concurrently with the sentence imposed for robbery at docket no. 2468. The trial court subsequently denied Appellant's post-sentence motions on January 2, 2018. No direct appeal followed.

On August 2, 2021, Appellant *pro se* filed the instant PCRA petition, asserting, *inter alia*, ineffectiveness claims. The PCRA court appointed counsel, who eventually filed a no-merit letter and petition to withdraw under ***Turner***/***Finley***.[3] On October 18, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Following Appellant's *pro se* response to the Rule 907 notice, the PCRA court, on

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

[2] 18 Pa.C.S.A. § 3701(a)(1)(iv).

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

November 22, 2021, dismissed as untimely Appellant's petition and granted appointed counsel's petition to withdraw. Appellant *pro se* timely appealed.[4]

On appeal,[5] Appellant raises two issues for our review.[6]

[I.] The court violated [Appellant's] due process rights under the U.S. and Pennsylvania Constitutions when it exceeded the sentencing guidelines, both minimum and maximum when they sentenced [him] to a 4-8 year [sic] sentence for [robbery and retail theft].

[II.] [Appellant's] attorney, the court and the District Attorney violated [Appellant's] due process rights under the U.S. and Pennsylvania constitutions when they violated the plea agreement that [Appellant] originally agreed to.

Appellant's Brief at 1-2 (unpaginated) (unnecessary capitalizations omitted).

Before we may address the merits of this appeal, we must determine whether the PCRA court erred in dismissing as untimely the underlying PCRA

---

[4] Appellant filed two notices of appeal and each notice of appeal listed both PCRA court docket numbers. The notices comply with Pa.R.A.P. 341, which "requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket." **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021); **see also Commonwealth v. Johnson**, 236 A.3d 1141, 1145-48 (Pa. Super. 2020) (*en banc*) (finding a single defendant appealing from multiple dockets may include multiple docket numbers on each notice of appeal, but still must file separate notices of appeal for each docket).

[5] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

[6] On February 4, 2022, this Court *sua sponte* consolidated the appeals filed at docket nos. 113 EDA 2022 and 114 EDA 2022.

- 3 -

petition.[7]    The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[8]
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in

---

[7] We note with strong disapproval that Appellant failed to comply in any meaningful way with the briefing requirements set forth in our rules of appellate procedure.  **See**, **e.g.**, Pa.R.A.P. 2111, 2114, 2115, 2116, 2117, 2118, 2119.  However, because we are able to dispose of this case on jurisdictional grounds, we decline to dismiss this appeal.

[8] Section 9545(b)(2) was amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year.  The amendment applies only to claims arising on or after December 24, 2017.

the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects that the trial court denied Appellant's post-sentence motions on January 2, 2018. Because Appellant did not file a direct appeal, his judgments of sentence became final on February 1, 2018. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Accordingly, Appellant's current filing is facially untimely given it was filed on August 2, 2021, more than two and one-half years late.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to allege, let alone prove, at any stage of the proceeding any exceptions to the one-year time bar. Accordingly, the PCRA court did not err in dismissing as untimely his PCRA petition.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/12/2022</u>